**John SHINGARA, Appellant**

Philadelphia Newspapers, Inc.,
Intervenor–Plaintiff in
D.C.

v.

Kathy A. SKILES;  Wesley R.
Waugh;  Ralph Periandi

John Shingara, Appellant

v.

Jeffrey Miller;  Jack Lewis.

Nos. 07–1535, 07–1819.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) March 14, 2008.

Filed:  April 17, 2008.

Donald A. Bailey, Bailey & Ostrowski,
Harrisburg, PA, for John Shingara.

J. Bart Delone, Office of Attorney General of Pennsylvania, Strawberry Square,
Harrisburg, PA, for Kathy A. Skiles, Wesley R. Waugh, Ralph Periandi, Jeffrey Miller and Jack Lewis.

Before: FUENTES, CHAGARES, and
VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Plaintiff John Shingara (Shingara) appeals the orders of the District Court granting summary judgment for Defendants Kathy Skiles (Skiles), Wesley Waugh (Waugh), Ralph Periandi (Periandi), Jeffrey Miller (Miller), and Jack Lewis (Lewis) in two separate civil rights actions (*Shingara I* and *Shingara II* ).  For the following reasons, we will affirm the District Court's judgments.

## I.

As we write mainly for the parties, our summary of the facts is brief. Shingara is a civilian employee of the Pennsylvania State Police (PSP) who worked in the Technical Support Division (TSD). TSD's responsibilities included assisting the Bureau of Patrol with its duties regarding radar equipment. Skiles served as Director of TSD, Waugh was Skiles's immediate supervisor, and Periandi was the Deputy Commissioner of Operations.

In September 2003, Shingara was subpoenaed to give testimony in a criminal proceeding in Pennsylvania state court regarding deficiencies in certain PSP radar equipment. Defendants agree Shingara testified truthfully, but after the hearing, Skiles told Shingara that he could be fired for his testimony. Waugh instructed Skiles to open an investigation to determine if Shingara's testimony had violated any PSP rules or regulations; the investigation cleared Shingara of any wrongdoing. In October 2003, Shingara sent an anonymous letter to his PSP superiors, complaining about Skiles's supervision and the effect it was having on the unit's morale. The letter urged the PSP to investigate Skiles's work at the TSD and referenced her "self promotion" and "sexual preference." Appendix (App.) 27. Shingara admitted to sending the letter, and a subsequent investigation concluded that the letter contained inaccurate information and amounted to an attempt to undermine Skiles's position as a supervisor. In April 2004, Shingara was suspended from work for 30 days and assigned to the Strategic Development Division (SDD) on his return. Shingara expressed satisfaction with the move, as the reassignment preserved his rank and rate of pay, increased his skills, and meant that he no longer had to work for Skiles.

On March 23, 2004, Shingara brought suit against Skiles, Waugh, and Periandi, alleging that Defendants retaliated against him for exercising his First Amendment rights, conspired against him, violated his Fourteenth Amendment right to due process, and defamed him (*Shingara I*). The United States District Court for the Middle District of Pennsylvania granted summary judgment in favor of Defendants, finding that Shingara's testimony constituted protected speech, but that only the 30-day suspension could be considered adverse action. Since this suspension was motivated by the anonymous letter, not Shingara's testimony, Shingara failed to establish that any of Defendants' actions were in retaliation for his protected speech.

While *Shingara I* was pending, the Philadelphia Daily News published an article that discussed alleged radar equipment malfunctions and quoted Shingara's lawyer. The District Court subsequently issued a protective order based on Local Rule 83.2.7 and Pennsylvania Rule of Professional Conduct 3.6, which both regulate extrajudicial statements by lawyers.[1] The

---

1. The relevant part of Local Rule 83.2.7 provides:

A lawyer or law firm associated with a civil action shall not during its investigation or litigation make or participate in making any extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication if there is a reasonable likeli-

hood that such dissemination will interfere with a fair trial. . . .

L.R. 83.2.7. The relevant part of Pennsylvania Rule of Professional Conduct 3.6 provides:

(a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminat-

day after the District Court issued the protective order, State Police Commissioner Miller responded to the Daily News article; soon after, Chief Public Relations Official Lewis did the same.

In *Shingara II*, Shingara alleged that Miller and Lewis violated his First, Seventh, and Fourteenth Amendment rights by speaking publicly about the radar detector issue. The District Court granted summary judgment for the Defendants, concluding that their communications with the media had no adverse effect on Shingara and were not motivated by Shingara's protected speech. Instead, Defendants' comments to the press were for the non-retaliatory purpose of rebutting information contained in prior news reports.

In this consolidated appeal, Shingara contests the District Court's orders in *Shingara I* and *Shingara II*. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

## II.

When the District Court grants a motion for summary judgment, "[o]ur review is plenary." *Jensen v. Potter*, 435 F.3d 444, 448 (3d Cir.2006). Summary judgment is appropriate when no genuine issues of material fact are presented and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We "resolve all factual doubts and draw all reasonable inferences in favor of [the appellant]." *DL Res., Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209, 216 (3d Cir.2007).

ed by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.
Pa. Rules of Prof'l Conduct R. 3.6. In reference to *Shingara II*, Shingara argues that these provisions are unconstitutional prior restraints on speech. The District Court ob-

## III.

### A.

■ We begin with Shingara's First Amendment retaliation claims in *Shingara I*. As a public employee plaintiff alleging a First Amendment retaliation claim, Shingara must show: (1) that the activity in question is protected by the First Amendment; and (2) that the protected activity was a substantial factor in the alleged retaliatory action. *See Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir.2005). Shingara asserts that the anonymous letter constituted protected speech, although the District Court deemed this claim waived because it was raised for the first time at summary judgment. Even in the absence of a clear waiver, however, the letter was not protected speech because Shingara spoke as a public employee when writing the letter, not as a citizen. *See Garcetti v. Ceballos*, 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006) (explaining that when a public employee makes a statement pursuant to his official duties, he does not speak "as a citizen"). While Shingara's testimony did constitute protected speech, we agree with the District Court that Shingara's letter, not his testimony, gave rise to the 30–day suspension. Therefore, Shingara cannot demonstrate that his protected activity was a substantial factor in Defendants' alleged retaliation.

### B.

■ We next address the civil conspiracy claims asserted in *Shingara I*. Shingara

served that Defendants Miller and Lewis did not invoke these rules, nor do they bear responsibility for the court's application of the provisions. App. 52. Because this case can be disposed of on other grounds, we will not pass upon Shingara's constitutional challenge to Local Rule 83.2.7 and Pennsylvania Rule of Professional Conduct 3.6.

argues that the District Court erred in applying Pennsylvania's intracorporate conspiracy doctrine to defeat his federal civil rights conspiracy claims.[2] Defendants respond that Shingara waived this argument by failing to present it at the trial court level. Even if Shingara did not waive this argument, this Court has determined that the intracorporate conspiracy doctrine applies to claims of federal civil rights conspiracy. *See Gen. Refractories Co. v. Fireman's Fund Ins.*, 337 F.3d 297, 313 (3d Cir.2003) (citing *Heffernan v. Hunter*, 189 F.3d 405, 412 (3d Cir.1999)). Thus, the District Court's decision was proper.

### C.

In *Shingara I*, Shingara alleged that his reassignment violated his procedural and substantive due process rights. Because Shingara failed to offer any support for his procedural due process claim, the District Court deemed it abandoned. Shingara alleged for the first time in his response brief to Defendants' summary judgment motion that his substantive due process claim was founded on Waugh's alleged decision to send two police officers to the home of Shingara's son in June 2004. The District Court correctly determined that "any claims based on this alleged incident have been waived because they were raised for the first time at the summary judgment stage." App. 42–43. *See Krouse v. Amer. Sterilizer Co.*, 126 F.3d 494, 499 (3d Cir.1997) ("a complaint must provide a defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests") (quotation marks omitted).

### D.

Finally, we address Shingara's assertion that the District Court erred in dismissing Shingara's First Amendment retaliation and Seventh Amendment claims in *Shingara II*. Shingara argues that Defendants' communications with the press regarding the radar equipment issue were done in retaliation for his protected testimony. Furthermore, he contends that "among Defendants' motives" for talking to the media was to interfere with his Seventh Amendment right to a fair trial. Appellant Br. at 27.

As we have previously stated, a public employee asserting a First Amendment retaliation claim must demonstrate: (1) that the activity in question is protected by the First Amendment; and (2) that the protected activity was a substantial factor in the alleged retaliatory action. *Hill*, 411 F.3d at 125. We agree with the District Court that Shingara produced no evidence to suggest that his protected testimony substantially motivated Miller and Lewis to communicate with the press nine months later. Instead, Defendants' media communications were intended to rebut the prior news reports concerning the radar equipment issue.

Shingara also appears to allege that Defendants' communications to the press were intended to unfairly affect the jury pool and deprive Shingara of his right to a fair trial in *Shingara I*. Because the *Shingara I* court determined that no genuine issues of material fact existed for a trial, the District Court in *Shingara II* held that Shingara had no viable Seventh Amendment claims. Furthermore, as discussed above, Defendants' media communications were intended to address prior news re-

---

**2.** As agents of the State Police, the District Court determined that Defendants could not be liable for civil conspiracy because a single entity cannot conspire with itself. *See* App. 43–44.

ports, not to harm Shingara. Therefore, the court properly granted summary judgment for Defendants on Shingara's Seventh Amendment claims.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.